Daniel, J.
 

 The defendant was indicted for a misde-~* meanor. The
 
 first
 
 count in the indictment charges, that one William Bailey was arrested by William H. Gullidge, a deputy Sheriff of the county of Anson,
 
 by lawful authority ;
 
 that Bailey resisted the officer, who summoned the defendant to assist, and who refused to obey. The
 
 second
 
 count
 
 *22
 
 chai'ges> that Elislia Hubbard, a justice of the peace, com-William
 
 H.
 
 Gullidge, the deputy Sheriff, to arrest William Bailey, for
 
 disorderly
 
 conduct,
 
 than
 
 and there committed in the presence of the magistrate, and that the justice then and there commanded the defendant to assist the said deputy Sheriff in the arrest, and that the defendant, in disregard of the command of the justice, refused to obey.
 

 The jury, under the charge of the Court, found the defendant guilty on both counts.
 

 We are of opinion, that the first count is so clearly insufficient, that it is not necessary to enquire, whether there was evidence to support it. That count is bad, because the authority to the deputy Sheriff to arrest Bailey, is not set forth in the said count. The statement that the arrest was
 
 by lawful
 
 authority, is not sufficient. The grand jury can only state such facts and circumstances, in the count, as will enable the Court, (who is to decide upon the law,) to see whether they make up a crime, if true, as there stated. The grand jury are
 
 lay gens,
 
 and are not entrusted by the law to pronounce what will constitute a lawful authority, to enable an officer to make an arrest; the Court must see the authority set forth in the count, that it may judge whether it be a lawful' authority or not.
 

 The
 
 second
 
 count charges the defendant with disobedience to the command of Elisha Hubbard, the magistrate, to aid in the arrest of Bailey. Now, without deciding whether this count was sufficiently precise, there was
 
 no
 
 evidence in the cause, that the magistrate ever ordered the defendant to aid the deputy Sheriff in making the arrest of Bailey. It appears from the case, that, after the deputy Sheriff had
 
 been
 
 ordered by the magistrate to make the arrest, Bailey resisted the officer, and then the deputy Sheriff summoned the defendant to aid him in making the arrest. Where the magistrate was, at that time, is not stated. But there is no evidence of any disobedience by the defendant to
 
 his
 
 command.
 

 There must be a new trial.
 

 Per CuRiam. New trial awarded.